# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLARENCE JOHNSON, JR., <br><br> Defendant. | Case No. 18CR4955-H <br><br> ORDER REMANDING MATTER TO THE MAGISTRATE JUDGE FOR FURTHER CONSIDERATION UNDER THE BAIL REFORM ACT <br><br> (Doc. No. 43.) |

Pending before the Court is Defendant Clarence Johnson Jr.'s ("Defendant") appeal of the Magistrate Judge's bail order (Doc. No. 43) filed on April 13, 2020. The Government filed a response in opposition on April 15, 2020. (Doc. No. 45.) The Honorable Michael S. Berg ("Magistrate Judge") set bond in the amount of $35,000 secured by two financially responsible adults. (Doc. No. 28.) The Court submits this matter based on the parties' briefs and the current record before the Court. The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(a) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's bail order. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Under Koenig, a district judge is to make his or her own *de novo* determination of the

facts without deference to the magistrate judge's ultimate conclusion. However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

      The Bail Reform Act ("BRA"), Title 18 U.S.C. § 3142(g), requires the Court to consider certain factors in determining whether to detain or release a defendant and if bail is set, the amount of the bond to be set: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The Bail Reform Act "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir.1991).

      When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). The government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. Santos-Flores at 1090. A finding that a defendant is a danger to any other person or the community

must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2).

The Court is cognizant of the current pandemic surrounding COVID-19. However, "as concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention [or review of a bail order] must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act[.]" United States v. Martin, 2020 WL 1274854, at *3 (D. Md. Mar. 17, 2020) (Grimm, J.); United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019) ("[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)."); See also United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020) (Jackson, J.) ("[T]he generalized risks posed by the COVID-19 pandemic do not alter the individualized balance of the statutory factors that Congress prescribed for determining the propriety of the defendant's detention in this particular case[.]").

The Court has reviewed the entire record including the briefing of the parties, the transcripts of the relevant proceedings, and the well-reasoned orders of the Magistrate Judge.[1] The Government seeks to reinstate the detention order. The Court agrees with Magistrate Judge Berg that bail is appropriate in this case. The Defendant represents that at least one person would be able to sign as a surety for the $35,000 bond amount. (Doc. No. 43 at 2). After *de novo* review and applying the relevant legal standards, and based on the unique circumstances of this case, the Court remands this matter to the Magistrate Judge to determine in the first instance whether modifying the $35,000 bond amount to require one surety (instead of two sureties) and mandating GPS monitoring as a condition of pretrial release would be sufficient to reasonably assure the appearance of the Defendant and the safety of the community. See United

---

[1] Court need not recite all the parties' arguments in this order as those arguments are clearly presented in the record and the parties are well familiar with the issue.

States v. Shaw, No. 14cr3550 JM, 2015 WL 224637, at *5 (S.D. Cal. Jan. 15, 2015) (Miller, J.) ("[C]onclud[ing] that the imposition of GPS monitoring, home detention at his mother's residence, monitoring by Pretrial Services, and the imposition of an adequate bond are sufficient conditions to assure community safety."). Should the Magistrate Judge determine that one surety with the addition of the GPS monitoring condition is appropriate, the Magistrate Judge is free to impose any other conditions of release that he deems appropriate under the BRA.

    IT IS SO ORDERED.

    DATED: May 1, 2020

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

cc:    Honorable Michael S. Berg
       United States Magistrate Judge